## The People of the State of Illinois, Defendant in Error, v. Anna Jenkins, Plaintiff in Error.

### Gen. No. 23,331.

1. LARCENY, § 35*—*when not shown.* Where defendant, accused of stealing a certain dollar bill placed on the floor by a police officer to ascertain if she would take it, as suspected, when she swept the floor, when charged by the officer with taking it, upon its disappearance after she had swept the floor, said she would get it, and it was found neatly folded in a garbage box on the porch of the house, but defendant denied ever seeing the money before it was taken out of the box, *held*, that even if felonious intent existed and defendant's purpose was to steal the bill when she left the premises that day, larceny of the bill was not shown, as there must be a taking from the actual or constructive possession of the owner.

2. LARCENY, § 35*—*when felonious intention not shown.* Evidence *held* insufficient to show beyond a reasonable doubt that defendant took a certain dollar bill, placed on the floor to ascertain if she would steal it, with felonious intention.

Error to the Municipal Court of Chicago; the Hon. SAMUEL H. TRUDE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Reversed. Opinion filed March 13, 1918.

BEAUREGARD MOSELEY, for plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MACLAY HOYNE, for defendant in error; JOHN F. CASHEN, JR., of counsel.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

The plaintiff in error, Anna Jenkins, was charged by information in the Municipal Court with stealing one dollar from one Max Desky. Jury trial was waived and a plea of not guilty was entered. The court, after hearing all the testimony, found plaintiff in error guilty and sentenced her to confinement at hard labor in the house of correction for one month, with a fine of one dollar and costs.

The record shows that the police officer, a witness for the State, testified that after having been called to the house of the prosecuting witness on one or two occasions in regard to missing articles of value, and, suspecting plaintiff in error, suggested that a dollar bill be placed on the floor of the dining room, in order to ascertain whether she would take it when she swept the floor. That was done and the dollar disappeared. Plaintiff in error was charged by the police officer with taking it. She denied any knowledge of the money. He then suggested that she should be arrested, and she immediately said, "I will get the dollar for you," and went out on the porch where the dollar, folded neatly in a box containing some frozen garbage, was found.

Mrs. Desky corroborated that testimony. She testified that plaintiff in error said, "Don't let them take me. I will tell where the dollar is," and started out to get the box where the money was found. The number on the bill she was charged with taking was taken and the bill crumpled up before being placed on the floor. The bill found in the box was identified as the one missing, but, evidently, it had been straightened out and folded carefully. Plaintiff in error denies ever seeing the money prior to the time it was

taken out of the box. The errors assigned are, that plaintiff in error was entrapped by the prosecuting witness into the commission of the crime; that the evidence was insufficient to warrant a verdict of guilty; that the information is bad.

The information charges that the plaintiff in error "did then and there unlawfully, feloniously steal, take and carry away," etc.

Section 167 of chapter 38 of the Criminal Code (J. & A. ¶ 3792) defines larceny as follows: "Larceny is the felonious stealing, taking and carrying, leading, riding or driving away the personal goods of another. Larceny shall embrace every theft which deprives another of his money or other personal property * * *. Private stealing from the person of another, and from a house in the daytime, shall be deemed larceny." In the instant case, even if we assume the extremest claim on the part of the People, the one dollar bill was merely taken by the plaintiff in error from the floor and placed in the box where it was subsequently found. At no time was it taken from the premises and, therefore, out of the possession of the owner. Even if felonious intent existed and the purpose of the plaintiff in error to steal the bill when she left the premises that day, it does not follow that because it was shown that the bill was taken from the floor of the room and put into the box standing in some other part of the premises, as it was shown, the plaintiff in error was guilty of larceny. There must be a taking from the actual or constructive possession of the owner. *Minter v. State*, 26 Tex. App. 217.

We are further of the opinion that the evidence did not show, beyond a reasonable doubt, that the property was taken by the plaintiff in error from the floor and placed in a box where it was subsequently found, with a felonious intention.

As neither taking, within the meaning of the law,

nor a felonious intent was shown, the judgment will be reversed.

*Reversed.*